Dear Senator Morrish:
You have asked for our office to reconsider Attorney General Opinion No. 10-0298 in light of certain facts that have changed since its release.
Attorney General Opinion No. 10-0298 concerned the legality of a proposed agreement between the Lake Charles Harbor and Terminal District ("District") and the Louisiana Farm and Livestock Company, Inc. ("Louisiana Farm"). Under the proposed agreement, the District would acquire a tract of land from Louisiana Farm. However, instead of a purchase agreement or act of sale between the District and Louisiana Farm, the parties preferred to execute an agreement whereby the District would purchase 100% of the stock of Louisiana Farm directly from the shareholders, and immediately thereafter liquidate Louisiana Farm. The District was of the opinion that the proposed agreement would allow the District to purchase the tract of land for significantly less money due to certain tax savings/liability issues. We were asked whether the proposed agreement was legal in light of the prohibition against the purchase of private stock with public funds found in Louisiana Constitution Article VII, Section 14.
In our response, we cited and made reference to the specific language of Article VII, Section 14 which specifically states "[n]either the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise." We also made reference to the Louisiana Supreme Court decision in Public Housing Administration v. HousingAuthority of City of Bogalusa[1] and our prior Attorney General Opinion No. 77-1324. In short, we recognized that the constitutional prohibition against the subscription to or purchase of stock "clearly bans any participation by the State *Page 2 
or its political subdivisions in the ownership and operation of a private enterprise . . ."
Ultimately we opined that the proposed agreement did not run afoul of the provisions of Article VII, Section 14. We were impressed by the fact that under the proposed agreement, the District was not investing in a private enterprise. Further, the District was not owning or participating in a private enterprise. The District was simply acquiring property via the purchase and the immediate liquidation of stock.
Your most recent correspondence indicates that since the release of Attorney General Opinion No. 10-0298, the District has learned that it would incur a substantial tax liability upon dissolution of Louisiana Farm once the stock purchase was completed. As such, the District now desires to continue to hold and own the shares of Louisiana Farm after the stock purchase. You now ask whether such an arrangement is legal.
It is our opinion that such an agreement is not legal and violates the provisions of Louisiana Constitution Article VII, Section 14. It is our opinion that the District would be owning and operating a private enterprise if it were to continue to hold and own shares of Louisiana Farm. As expressed by the Louisiana Supreme Court in thePublic Housing Administration v. Housing Authority of City ofBogalusa[2], Article VII, Section 14 clearly bans such a practice. Attorney General Opinion No. 10-0298 is hereby recalled and set aside to the extent it conflicts with our determination herein.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/chb
[1] 242 La. 519 (La. 1962).
[2] 242 La. 519 (La. 1962).